# Exhibit D

Case 6:19-cv-00085   Document 1-5   Filed on 09/20/19 in TXSD   Page 2 of 12

Filed 8/21/2019 6:09 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

No. **19-08-84878-B** _____

| | | |
|---|---|---|
| SOUTH TEXAS ELECTRIC COOPERATIVE, INC., | ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| FACTORY MUTUAL INSURANCE CO.<br>Post Office Box 7500<br>Johnston, Rhode Island 02919<br>(Serve:   CT Corporation Systems<br>          1999 Bryan Street<br>          Suite 900<br>          Dallas, Texas 75201) | ) ) ) ) ) ) ) ) ) | VICTORIA COUNTY, TEXAS |
| Defendant. | ) | \_\_\_\_ JUDICIAL DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

For its Original Petition, Plaintiff South Texas Electric Cooperative, INC [hereinafter "STEC"] states:

**A.   *Introduction.***

This case involves an effort by Factory Mutual Insurance Company ["Factory Mutual"], to escape from obligations it assumed under a policy of insurance it wrote and for which it received payment of just under $1,000,000 from STEC.  When, like much of South Texas, STEC faced losses from Hurricane Harvey in August 2017, Factory Mutual invoked a deductible provision that is not found in the policy that it issued to STEC and declined to pay for any portion of STEC's claim.  Factory Mutual has itself evaluated STEC's claim as being worth several hundred thousand dollars, but nonetheless has declined to pay any portion of that claim based on its misreading of the applicable deductible amount.  Factory Mutual's conduct is a breach of its contract and, in addition, a violation of multiple portions of the

**PLAINTIFF'S ORIGINAL PETITION**                                                                 Page 1

Texas Insurance Code.  STEC is entitled to judgment, penalty interest and all other relief the Court can fashion.

**B.**     *Rule 47 disclosure and discovery control plan.*

Pursuant to Rule 47, Tex. R. Civ. P., Plaintiff STEC discloses that it seek monetary relief over $1 million, a declaratory judgment, pre- and post-judgment interest and all other relief to which it is entitled.

      a.     Plaintiff intends to conduct discovery under Level 3, Rule 190.1, Tex. R. Civ. P.

**C.**     *Parties, Jurisdiction and Venue.*

1. Plaintiff is a Texas corporation in good standing.  In existence since 1944, STEC provides wholesale electrical services to eight distribution cooperatives serving some 241,000 members in forty-two counties in South Texas.

2. Defendant Factory Mutual Insurance Co. ["Factory Mutual"] is a foreign insurer in good standing duly authorized to issue policies of insurance in the State of Texas.  Factory Mutual issued its policy 1028666 to STEC to insure property located within the state of Texas.  This Factory Mutual policy was in effect in August 2017 when Hurricane Harvey struck the Texas Gulf Coast.  Factory Mutual may be served by delivering a copy of the summons and petition to its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. This Court may exercise personal jurisdiction over Factory Mutual under § 17.042(1), Tex. Civ. Prac. & Rem. Code, because as shown below, this case involves a contract with a Texas resident to be performed in whole or part in the state of Texas.

4. Venue is properly laid in this Court under § 15.002, TEX. CIV. PRAC. & REM. CODE, because a substantial part of the events or omissions giving rise to the claim occurred in this County.

**D.  *Required notices and Chapter 542A compliance.***

5. Plaintiff has given all notices required by Chapter 542A, TEX. INS. CODE. Specifically STEC gave Factory Mutual all notices required by § 542A.003, TEX. INS. CODE, on March 22, 2018 and October 1, 2018. Factory Mutual exercised its right of inspection under § 542A.004 on or about April 24, 2018. More than 61days have elapsed since notice was given. This matter therefore is ripe for disposition by this Court.

**E.  *Basis for this claim.***

6. STEC purchased Factory Mutual policy 1028666 effective between June 17, 2017, and June 17, 2018. STEC paid a net premium of $987,933 for this policy, which was to provide coverage for damage to property from "all risks." Among the property to be insured was the Sam Rayburn Power Plant located at 2849 FM 447, Nursery, Victoria County, Texas.

7. On August 26, Hurricane Harvey made landfall near Rockport with peak winds of 130 miles per hour causing catastrophic damage throughout south Texas. Those same winds struck the Rayburn Power Plant, causing extensive damage to the plant, appurtenant structures and the laydown yard at the facility.

8. Wind is a peril insured against in Factory Mutual policy 1028666, which insures against all risks of loss except those specifically excluded.

9. STEC timely made a claim on policy 1028666 for the damage it sustained in Hurricane Harvey.

10. Factory Mutual assigned Glenn Bucci, Senior Adjuster/Washington Operations/Malvern Office to STEC's claim.

11. Factory Mutual asserted that the losses STEC sustained in Hurricane Harvey were below a deductible in Policy 1028666 for "wind loss associated with or occurring in conjunction with a storm or weather disturbance identified by name by any meteorological authority whether or not named prior to the loss" of "[t]he greater of USD250,000 or 2% Property Damage and Time Element combined, combined all coverages per location." According to Mr. Bucci speaking on behalf of Factory Mutual, this deductible was $4,109,309. Factory Mutual did not explain how it reached that number, and there is nothing in Policy 1028666 itself to explain to an insured how to reproduce that figure.

12. Section 12 E. of Policy 1028666 does give a method for computing percentage deductible amounts. For property losses, it states:

> Property Damage – percent of the value, *per the valuation clause(s) of the Property Damage section,* of the property insured at the location where the physical damage happened.

As can be seen, if the reader gives effect to all language in the policy, value is to be determined "per the valuation clause(s) of the Property Damage section" in Policy 1028666.

13. The "valuation clause in the Property Damage section" of Policy 1028666 is found on page 14 and 15. It states in pertinent part:

> Adjustment of the *physical loss amount* under this Policy will be computed as of the date of loss at the place of loss and for no more than the interest of the insured.
>
> Unless stated otherwise in an Additional Coverage, adjustment of physical loss to property will be subject to the following:
>
>     * * *
>
>     e.    On all other property the lesser of the following:

         1)       the cost to repair;

         2)       the cost to rebuild or replace in the same site with new materials of like-size kind and quality;

\* \* \*

         8)       the actual cash value is such property is

                 a)       useless to the insured or

                 b)       not repaired, replaced or rebuilt on the same or another site within two years from the date of loss unless such time is extended by the Company.

[Emphasis added.]

14.     Policy 1028666 provides no other reference on which to rely in determining the windstorm deductible amount, and nowhere within its terms contains the language on which Factory Mutual relied to deny STEC's claim under the Policy.

15.     Policy 1028666 did not contain a list of values to be used in computing the deductible on which Factory Mutual relied to deny coverage or any reference to a schedule of values on file with the company to be used in computing a percentage deductible.

16.     What is in the valuation clause is "physical loss amount" (see italicized passage above), which is a value and a plain reference to the amount of the damage actually sustained by STEC. Therefore, the percentage deductible is to be computed by taking the greater of "2% of the 'physical loss amount' or $250,000."

17.     To the extent that Factory Mutual argues that a different method is to be used in computing the deductible, the policy is ambiguous or Factory Mutual is attempting to rewrite its contract after the fact of a loss.

18.     Prior to application of the $250,000 deductible, STEC sustained a covered loss of $993,265.95 because of wind damage, which it timely and fully reported to Factory Mutual. With application of the deductible, STEC's claim is $743,265.95.

19.     Factory Mutual has declined to pay any portion of this amount based solely on its improper construction of the percentage deductible.

20.     STEC has complied with all conditions precedent imposed by contract and statute.

F.     *Causes of action.*

    a.     **Declaratory judgment.**

21.     STEC incorporates paragraphs 1-20 of this Petition as though fully set forth herein.

22.     STEC is as named insured an interested party under Policy 1028666. It has an immediate direct interest in the construction of Policy 1028666 and specifically in the computation of the deductible clause as set forth above.

23.     Pursuant to Chapter 37, TEX. CIV. PRAC. & REM. CODE, this Court has authority to enter a declaratory judgment construing the rights of STEC and Factory Mutual under Policy 1028666.

24.     STEC is entitled to declarations that the only proper construction of the percentage deductible in Policy 1028666 described earlier in this Petition is as set forth above. Alternatively, if Factory Mutual proposes a different reading of the percentage deductible clause, the Court must declare that the policy is ambiguous and adopt the meaning proposed by STEC, even if the meaning proposed by Factory Mutual is "better."

25. STEC is entitled to a declaration that the deductible applicable to its claim is $250,000.

    b. ***Breach of contract.***

26. STEC incorporates paragraphs 1-25 of this Petition as though fully set forth herein.

27. Factory Mutual breached its contract with STEC by denying STEC's claim for wind damage as set forth above, as a direct and proximate result of which STEC has sustained damages as set forth herein.

28. STEC prays for damages as set forth above and for such other and further relief as the Court deems appropriate in the premises.

    c. ***Breach of Prompt Pay Act.***

29. STEC incorporates paragraphs 1-28 of this Petition as though fully set forth herein.

30. By no later than October 17, 2017, Factory Mutual had determined that it would deny any claim by STEC for under $4,109,309. That decision was wrongful.

31. Under § 542.060(c), STEC is entitled to an award of penalty interest commencing sixty (60) days after this denial through the date of judgment at the rate specified therein.

    d. ***Attorney's fees.***

32. STEC incorporate paragraphs 1-31 of this Petition as though fully set forth herein.

33. STEC's notices to Factory Mutual gave specific notice of attorney's fees incurred to date computed as required by § 542A.007. STEC is therefore entitled to recover

its reasonable and necessary attorney's fees in this action.

G.  *Requests for disclosure.*

34.  Pursuant to Rule 194, Defendant is requested to disclose the information or material described in Rule 194.2(a)-(i) within fifty (50) days from service of this Petition.

H.  *Rule 193.7 notice.*

35.  STEC gives notice pursuant to Rule 193.7, Tex. R. Civ. P., give notice that production that production of documents by Factory Mutual in response to written discovery authenticates those documents as set forth therein.

I.  *Jury demand.*

36.  STEC demands trial by jury on all issues and causes of action.

WHEREFORE, STEC prays that service issue, for declaratory judgment as set forth above, judgment in its favor and against Defendant in an amount in excess of the minimum jurisdictional limit of this Court, penalty interest, pre- and post-judgment interest as permitted by law, attorney's fees and such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    */s/ Thomas B. Alleman*
    Thomas B. Alleman
    State Bar No. 01017485
    DYKEMA GOSSETT PLLC
    1717 Main, Suite 4200
    Dallas, Texas 75201
    214.698.7830 phone
    855.216.6218 fax
    Email:  talleman@dykema.com

    ATTORNEYS FOR PLAINTIFF

Filed 9/19/2019 3:13 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Crystal Hernandez

CAUSE NO. 19-08-84878-B

| | | |
|---|---|---|
| SOUTH TEXAS ELECTRIC COOPERATIVE, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | VICTORIA COUNTY, TEXAS |
| FACTORY MUTUAL INSURANCE COMPANY, | § § § § § | |
| Defendant. | § | 135TH JUDICIAL DISTRICT |

**DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ORIGINAL ANSWER**

Defendant Factory Mutual Insurance Company ("FM Global" or "Defendant") files this Original Answer and would respectfully show:

## ORIGINAL ANSWER

### General Denial

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demand that Plaintiff prove every fact in support of its claims by a preponderance of the evidence.

### AFFIRMATIVE DEFENSE

2. Pursuant to Texas Rule of Civil Procedure 94, Defendant submits the following affirmative defense to the allegations set forth in Plaintiff's Original Petition.

### *Affirmative Defense*

3. Plaintiff's claims are subject to all the terms, conditions, limitations, exclusions, sublimits, waiting periods, and deductibles under which Plaintiff brings suit (the "Policy"). The Policy's deductible provision states, in relevant part:

> *"Deductible General Provisions:*
>
> *In each case of loss covered by this Policy, the Company will be liable only if the Insured sustains a loss, including any insured TIME ELEMENT loss, in a single occurrence greater than the applicable deductible specified above, and only for its share of that greater amount.*
>
> *E. When a % deductible is stated above, whether separately or combined, the deductible is calculated as follows:*
>
>> *Property Damage — <u>% of the value</u>, per the Valuation clauses(s) of the PROPERTY DAMAGE section, <u>of the property insured at the location</u> where the physical damage happened."* (underline added for emphasis)

The clear intent of the % deductible as stated in the Policy is that it must be applied to the value of the property at the location and not to the value of the loss. Under the terms of the Policy, Plaintiff's claim does not exceed the required deductible.

## **PRAYER**

Defendant Factory Mutual Insurance Company prays that: (i) Plaintiff's claims against it be dismissed or otherwise denied in their entirety, and that Plaintiff take nothing by its claims; and (ii) Defendant is granted such other relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

ZELLE LLP

By:    */s/ Todd M. Tippett*
    Thomas H. Cook, Jr.
    Texas Bar No. 00783869
    tcook@zelle.com
    Todd M. Tippett
    Texas Bar No. 24046977
    ttippett@zelle.com
    Lindsey P. Bruning
    Texas Bar No. 24064967
    lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEY FOR DEFENDANT FACTORY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with TEXAS RULES OF CIVIL PROCEDURE on September 19, 2019:

Thomas B. Alleman
State Bar No. 01017485
talleman@dykema.com
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, TX 75201
Telephone:   214-698-7830
Facsimile:   855-216-6218
***Attorney for Plaintiff South Texas Electric Cooperative***

   */s/ Todd M. Tippett*
Todd M. Tippett